| | |
|---|---|
| 1 | McGREGOR W. SCOTT <br> United States Attorney |
| 2 | ANGELA L. SCOTT <br> Assistant United States Attorney |
| 3 | 2500 Tulare Street, Suite 4401 <br> Fresno, CA 93721 |
| 4 | Telephone: (559) 497-4000 <br> Facsimile: (559) 497-4099 |

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00246-DAD-BAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT FOR DEFENDANTS RUBEN CORTEZ ROCHA; FINDINGS AND ORDER |
| v. | |
| RUBEN CORTEZ-ROCHA, <br> JOSE LOZANO, <br> aka "Junior" <br> SADOL DIAZ-BELTRAN, and <br> RICARDO ZEPEDA-NAVARRO, | CURRENT DATE: March 2, 2020 <br> CURRENT TIME: 1:00 p.m. <br> COURT: Hon. Barbara A. McAuliffe |
| Defendants. | PROPOSED DATE: May 4, 2020 <br> PROPOSED TIME: 10:00 p.m. <br> COURT: Hon. Dale A. Drozd |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants RUBEN CORTEZ-ROCHA ("defendant"), by and through his counsel of record, Victor Sherman, hereby stipulate as follows:

1. On December 10, 2018, defendant was arraigned and released on conditions. The Court set a status conference for February 11, 2019, and excluded the time from December 10, 2018, through February 11, 2019 under the Speedy Trial Act. Doc. 28.

2. Thereafter, the Court granted various requests by the parties to continue the status conferences and to exclude time under the Speedy Trial Act.

1

3. On November 4, 2019, the government filed a written plea agreement between the government and defendant. Doc. 74

4. On November 6, 2019, the Court vacated the status conference previously set for defendant, set a change of plea hearing for January 15, 2020, and excluded time through January 15, 2020. Doc. 76.

5. On January 9, 2020, the Court continued the change-of-plea hearing for defendant to March 2, 2020, and excluded time through March 2, 2020. Doc. 84.

6. By this stipulation, the parties now move to continue the change-of-plea hearing for defendant to May 4, 2020, and to exclude time between March 2, 2020 and May 4, 2020, inclusive, under the Speedy Trial Act, 18 U.S.C.§ 3161(h)(7)(A), B(i) and (iv).

7. Defendant has reached a plea agreement with the government, which has been filed in this case. Defendant recognizes that he likely will be remanded upon changing his plea and seeks this continuance to finish getting his affairs in order prior to remand. If, however, defendant ultimately does not enter his guilty plea and decides to proceed to trial, the parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes over 100 pages of reports and photographs, as well as over 40 audio recordings, many of which are in a foreign language. This discovery has been produced directly to counsel.

    b) Counsel for defendant desires additional time to review the current charges, to review the discovery, to conduct research and investigation related to the charges and potential pretrial motions, and to consult with his client.

    c) Counsel for defendant has various conflicts in other cases between now and the proposed May 4, 2020 hearing that would not reasonably permit him to try this case any time between now and at least May 4, 2020. Additionally, defense counsel will also be unavailable during a portion of this time due to a medical procedure.

    d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of March 2, 2020 to May 4, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

8. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 28, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ ANGELA L. SCOTT
ANGELA L. SCOTT
Assistant United States Attorney

Dated: February 28, 2020

＿＿s/ per email authorization＿＿＿
VICTOR SHERMAN
Counsel for Defendant
RUBEN CORTEZ-ROCHA

3

# FINDINGS AND ORDER

Pursuant to the parties' stipulation and good cause shown, IT IS HEREBY ORDERED that the change-of-plea hearing currently set for March 2, 2020, is hereby continued to May 4, 2020, at 10:00 a.m., and that the time period between March 2, 2020, and May 4, 2020, inclusive, is excluded from the calculation under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) and (iv) for the reasons stated in the parties' stipulation.

IT IS SO ORDERED.

Dated: **February 28, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE