PHILLIP A. TALBERT
Acting United States Attorney
LAURA JEAN BERGER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00246 DAD-BAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND TO CONTINUE CHANGE-OF-PLEA HEARING AND SENTENCING HEARING; FINDINGS AND ORDER |
| v. | |
| RUBEN CORTEZ-ROCHA, | |
| Defendant. | CURRENT DATE: July 26, 2021 TIME: 9:00 a.m. COURT: Hon. Dale A. Drozd |

Defendant RUBEN CORTEZ-ROCHA (defendant) is scheduled for a change-of-plea hearing and sentencing hearing on July 26, 2021.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters. Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D.

for the change-of-plea/sentencing hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant RUBEN CORTEZ-ROCHA, by and through defendant's counsel of record, Victor Sherman, hereby stipulate as follows:

1. By previous order, this matter was set for a change-of-plea and sentencing hearing on July 26, 2021.

2. By this stipulation, defendant now moves to continue the change-of-plea and sentencing hearing until October 18, 2021, and to exclude time between the previously-set plea hearing, July 26, 2021, and October 18, 2021, under Local Code T4.

3. Defendant has reached a plea agreement with the government, which has been filed in this case. The Court previously approved the preparation of a pre-plea Presentence Report. The parties sought the pre-plea Presentence Report to enable defendant to plead and be sentenced on the same date. Defendant seeks a continuance for additional defense investigation and sentencing preparation. Additionally, defendant recognizes that he likely will be remanded upon changing his plea and also seeks this continuance in light of the COVID-19 pandemic. Additionally, defendant is the sole support for his family, none of whom other than the defendant are presently employed. Without his income, his other family members would be financially strapped.

4. If, however, defendant ultimately does not enter his guilty plea and decides to proceed to trial, the parties agree and stipulate, and request that the Court find the following:

    a)    The government has represented that the discovery associated with this case includes over 100 pages of reports and photographs, as well as over 40 audio recordings, many of which are in a foreign language. This discovery has been produced directly to counsel.

    b)    Counsel for defendant desires additional time to review the current charges, to review the discovery, to conduct research and investigation related to the charges and potential pretrial motions, and to consult with his client.

Cal. March 18, 2020).

1        c)        Counsel for defendant has various conflicts in other cases between now and the

2 proposed September 20, 2021 hearing that would not reasonably permit him to try this case any

3 time between now and at least September 20, 2021.

4        d)        Counsel for defendant believes that failure to grant the above-requested

5 continuance would deny him the reasonable time necessary for effective preparation, taking into

6 account the exercise of due diligence.

7        e)        Based on the above-stated findings, the ends of justice served by continuing the

8 case as requested outweigh the interest of the public and the defendants in a trial within the

9 original date prescribed by the Speedy Trial Act.

10        f)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

11 *et seq.*, within which trial must commence, the time period of July 26, 2021 to October 18, 2021,

12 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) and (iv) because it

13 results from a continuance granted by the Court at defendant's request on the basis of the Court's

14 finding that the ends of justice served by taking such action outweigh the best interest of the

15 public and the defendants in a speedy trial.

16    5.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

17 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

18 must commence.

19    IT IS SO STIPULATED.

20

21

22 Dated: July 16, 2021                PHILLIP A. TALBERT
Acting United States Attorney

23

24                        /s/ LAURA JEAN BERGER
LAURA JEAN BERGER

25                        Assistant United States Attorney

26

27 Dated: July 16, 2021                /s/ per email authorization
VICTOR SHERMAN

28                        Counsel for Defendant

# FINDINGS AND ORDER

The change of plea and sentencing is continued from July 26, 2021, to October 18, 2021, at 10:00 a.m. before District Judge Dale A. Drozd. Time is excluded pursuant to the provisions cited ion the parties' stipulation above.

IT IS SO ORDERED.

Dated: __**July 16, 2021**__ 

_____
UNITED STATES DISTRICT JUDGE