1  PHILLIP A. TALBERT
   United States Attorney
2  LAURA JEAN BERGER
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:18-CR-00246 DAD-BAM

12                     Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT
13              v.                         AND TO CONTINUE CHANGE-OF-PLEA
                                           HEARING AND SENTENCING HEARING;
14  RUBEN CORTEZ-ROCHA,                    ORDER

15                     Defendant.          CURRENT DATE: August 22, 2022
                                           TIME: 9:00 a.m.
16                                         COURT: Hon. Dale A. Drozd

17

18         Defendant RUBEN CORTEZ-ROCHA (defendant) is scheduled for a change-of-plea hearing

19  and sentencing hearing on August 22, 2022.

20         On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

21  Eastern District of California until further notice, and allows district judges to continue all criminal

22  matters. Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

23  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

    judicial emergency.[1] This and previous General Orders, as well as the declarations of judicial
24
    emergency, were entered to address public health concerns related to COVID-19.
25
           Although the General Orders address the district-wide health concern, the Supreme Court has
26

27  _____

28       [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

    STIPULATION REGARDING EXCLUDABLE TIME                    1
    PERIODS UNDER SPEEDY TRIAL ACT

1  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

2  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

3  *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

4  exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at

5  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

6  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

7  or in writing").

8         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9  and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice

10  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

11  the ends of justice served by taking such action outweigh the best interest of the public and the

12  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless

13  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

14  ends of justice served by the granting of such continuance outweigh the best interests of the public and

15  the defendant in a speedy trial." *Id.*

16        The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code

17  T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

18  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

19  circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

20  following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court

21  recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United*

22  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

23  September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a

24  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

25        In light of the societal context created by the foregoing, this Court should consider the following

26  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

27  justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date

28
         [2] The parties note that General Order 612 acknowledges that a district judge may make
"additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D.

for the change-of-plea/sentencing hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant RUBEN CORTEZ-ROCHA, by and through defendant's counsel of record, Victor Sherman, hereby stipulate as follows:

1.      By previous order, this matter was set for a change-of-plea and sentencing hearing on August 22, 2022.

2.      By this stipulation, defendant now moves to continue the change-of-plea and sentencing hearing until October 31, 2022, and to exclude time between the previously-set plea hearing, August 22, 2022, and October 31, 2022, under Local Code T4.

3.      Defendant has reached a plea agreement with the government, which has been filed in this case. The Court previously approved the preparation of a pre-plea Presentence Report. The parties sought the pre-plea Presentence Report to enable defendant to plead and be sentenced on the same date. Defendant seeks a continuance for additional defense investigation and sentencing preparation. Additionally, defendant recognizes that he likely will be remanded upon changing his plea and also seeks this continuance in light of the COVID-19 pandemic. Additionally, defendant is the sole support for his family, none of whom other than the defendant are presently employed. Without his income, his other family members would be financially strapped.

4.      If, however, defendant ultimately does not enter his guilty plea and decides to proceed to trial, the parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes over 100 pages of reports and photographs, as well as over 40 audio recordings, many of which are in a foreign language. This discovery has been produced directly to counsel.

b)      Counsel for defendant desires additional time to review the current charges, to review the discovery, to conduct research and investigation related to the charges and potential pretrial motions, and to consult with his client.

Cal. March 18, 2020).

c)      Counsel for defendant has various conflicts in other cases between now and the proposed October 31, 2022 hearing that would not reasonably permit him to try this case any time between now and at least October 31, 2022.

d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of August 22, 2022 to October 31, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  August 17, 2022                           PHILLIP A. TALBERT
                                                 United States Attorney


                                                 /s/ LAURA JEAN BERGER
                                                 LAURA JEAN BERGER
                                                 Assistant United States Attorney


Dated:  August 17, 2022                           /s/ per email authorization
                                                 VICTOR SHERMAN
                                                 Counsel for Defendant

**ORDER**

Pursuant to the stipulation of the parties, the change-of-plea and sentencing hearing in this case is now continued from August 22, 2022 to October 31, 2022, at 8:30 a.m. before the then-assigned district judge and time is excluded under the Speedy Trial Act from the previously-set plea hearing, August 22, 2022, through October 31, 2022, under Local Code T4, in order to provide defense counsel reasonable time to prepare.

IT IS SO ORDERED.

Dated:   **August 18, 2022**   　　　　　　　　　_Dale A. Drozd_

　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE